(January 5, 1989)

■ In the Matter of ANDRE ROBERTSON, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Bruce Wright, J.), filed July 18, 1986, which granted plaintiff's motion to renew a prior application for leave to serve a late notice of claim upon the City of New York and, further, denied the application, affirmed, without costs.

We find that the motion court did not abuse its discretion in denying the application. General Municipal Law § 50-e (5) gives a court discretion to extend the period of time in which a notice of claim is filed. First, there was an inordinate delay by the plaintiff in completing his application for permission to file a late notice of claim. It is alleged that the petitioner and a female companion were injured on August 18, 1983, at approximately 5:15 A.M., when a vehicle driven by the petitioner southbound on the West Side Highway near 72nd Street crashed into a barrier at an "S" curve and overturned. Petitioner's companion, Shenikwa Nowlin, allegedly suffered paralyzing injuries and she served a notice of claim against the city on October 19, 1983, about 61 days after the accident. The city thus acquired notice of the accident at that time.

Petitioner did not file a notice of claim within the 90-day period ordinarily required by section 50-e of the General Municipal Law. Instead, he sought leave of the court to file a late notice of claim by a motion returnable on December 14, 1984. In a decision dated January 30, 1985, the motion court denied the application without prejudice to renewal "if a medical affidavit is submitted * * * shedding some medical information on the claimed loss of memory." Petitioner had stated that the reason for the delay was his loss of memory concerning the accident until after the 1984 baseball season.

Petitioner did not renew his application to file a late notice of claim until over a year after the January 30, 1985 decision

of the motion court. By a motion returnable on February 25, 1986, the petitioner renewed his application. The court denied leave to serve a late notice of claim because the physician's affidavit did not indicate that petitioner's loss of memory of the accident prevented his filing a timely notice of claim and we agree with that conclusion.

Second, although it is true that the city received early notice of the accident, it has been prejudiced by the delay in examining the petitioner. Following the accident the petitioner, a baseball player with the New York Yankees, did not participate further in baseball during the 1983 season. He did, however, spend most of the 1984 baseball season with the New York Yankees. One of the claims of injury is to petitioner's arm, with resulting damage to his baseball career.

Finally, we note that none of the cases cited by the dissent involved an initial delay of approximately 1 year and 3 months in the initial application to file a late notice of claim and a subsequent delay of over a year in filing the renewed application. Concur—Murphy, P. J., Asch and Smith, JJ.

Kupferman and Carro, JJ., dissent in a memorandum by Carro, J., as follows: On August 18, 1983, petitioner-appellant Andre Robertson was 25 years old and the starting shortstop for the major league New York Yankees. Early that morning, Robertson was driving south on Manhattan's West Side Highway. Accompanying him was a friend, Shenikwa Dawn Nowlin. Near 72nd Street, the car struck the center divider. The police arrived and prepared a detailed "Police Accident Report (N.Y.C.)". The report states that the car "overturned", and that "both passengers" were "ejected" from the vehicle. The report also indicates that following the accident, both Robertson and Nowlin were "unconscious". Robertson was taken to Roosevelt Hospital where he was treated for multiple lacerations of the head, face and right forearm. As a result of the accident, Robertson missed the remainder of the 1983 baseball season. He returned to the Yankees, however, for the full season in 1984.

On October 19, 1983, Nowlin served on the City of New York a timely and proper notice of claim, in which it is alleged, *inter alia,* that the city was negligent in inspecting, repairing, maintaining and providing appropriate warnings on the West Side Highway at or near 72nd Street on the southbound side, and that as a result of the city's negligence, it is claimed that Nowlin "has sustained paraplegia and other crippling injuries."

On November 16, 1984, Robertson moved for permission to serve a late notice of claim against the city pursuant to section 50-e (5) of the General Municipal Law. Robertson's main excuse for his failure to file a timely notice of claim was an alleged lapse of memory rendering him unable to recall the details of the accident, partially due to his wish not to remember the incident or the events preceding it.

In a memorandum decision dated January 30, 1985, Special Term noted that Robertson's proposed notice of claim "differs in no significant detail from that filed by his companion, Ms. Nowlin. It thus appears that, well within the 90 day period for filing, the City had detailed actual notice of occurrence of the accident." The court further agreed with Robertson's position that a late filing would not prejudice the city but nonetheless ruled that Robertson had shown no legitimate excuse for his delay since his alleged failure of memory came "across as a willful rejection as opposed to an uncontrolled lapse of memory." Despite that ruling, the court granted Robertson the right to renew his motion and further indicated that, on renewal, the motion would be granted, if his claim of amnesia was supported by a suitable medical affidavit.

On February 10, 1986, Robertson moved to renew his previous motion with a supporting affidavit from the attending neurosurgeon at St. Lukes/Roosevelt Hospital Center, where he had been taken after the accident. The affidavit notes that Robertson "had pre-traumatic and post-traumatic amnesia from the accident having no recollection of the accident itself", and further states, "[i]t is typical for a patient with this type of injury to regain some, if not all, of his memory of the accident but this does not occur for some time." By order dated July 7, 1986, the court granted the motion to renew and, upon renewal, denied the application to file a late notice of claim stating, "there is no indication that this amnesia was of such duration as to prevent claimant from filing a timely Notice of Claim, or to prevent him from promptly seeking court permission to file a late notice."

General Municipal Law § 50-e (5) empowers the courts to exercise considerable discretion in determining whether to permit service of a late notice of claim. (*Matter of Beary v City of Rye,* 44 NY2d 398.) The statute specifically directs the courts to consider "in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [the 90-day filing period] or within a reasonable time thereafter." (General Municipal Law § 50-e [5].) Other factors relevant to the court's analysis in-

clude the reason for the delay and "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." (§ 50-e [5].)

In the within matter, it is manifest on the record that the city acquired actual knowledge of the essential facts constituting Robertson's claim by virtue of the police department's accident report *(Matter of Lucas v City of New York,* 91 AD2d 637; *Matter of Somma v City of New York,* 81 AD2d 889), and from Nowlin's notice of claim *(Heredia v City of New York,* 141 AD2d 473, 474 [1st Dept 1988]). Moreover, the city has failed to show that it has been or will be prejudiced by Robertson's delay in serving a notice of claim. Indeed, the impact of the delay is significantly lessened by the availability of the police accident report, Robertson's medical files and Nowlin's notice of claim. Thus, the record makes it abundantly clear that the information now available is substantially the same as it would have been had a timely notice of claim been filed. *(Rechenberger v Nassau County Med. Center,* 112 AD2d 150, 153.) In this context, the majority's conclusion that the city has been prejudiced by the delay is without support in the record and, indeed, is contrary to the determination of the fact finder.

Although Special Term, as previously noted, acknowledged that the city had acquired actual knowledge of the essential facts relevant to Robertson's claim and had failed to show that it would be prejudiced by the late notice, the court nonetheless denied Robertson's application, focusing instead on the quality of his excuse for the delay. It is well established, however, that section 50-e (5) of the General Municipal Law is "to be liberally construed and that the absence of an acceptable excuse is not necessarily fatal" to an application. *(Matter of Cicio v City of New York,* 98 AD2d 38, 39.) Indeed, this court has repeatedly held, in substantially similar cases, that the failure to present a compelling explanation for untimely service of a notice of claim " 'is without significance given the existence of actual notice and the city's failure to show substantial prejudice by the late notice.' " *(Heredia v City of New York, supra,* at 474, quoting *Matter of Gerzel v City of New York,* 117 AD2d 549, 551 [1st Dept 1986]; *accord, Swensen v City of New York,* 126 AD2d 499, 501 [1st Dept 1987].) This result is entirely consistent with the statute's over-all directive that the courts consider all "relevant facts and circumstances". (General Municipal Law § 50-e [5].) Significantly, only one issue is given any special emphasis in the relevant

provision, to wit, did the public corporation acquire actual knowledge of the essential facts constituting the claim within the specified time?

The majority's sole reference to the authority from this court is a comment that these cases did not involve a delay of the length found here. This observation, however, does not controvert the fact that Robertson's application for the extension was timely, since it was made within 1 year and 90 days after the action accrued. *(See, Pierson v City of New York*, 56 NY2d 950, 954-955.) Hence, the actual length of the delay is not, in the context of this case, a critical factor. Indeed, subdivision (5) of the statute presumes a delay and was specifically designed to eliminate the "unbending time bar on late claims" imposed by our original notice of claim statutes. *(Matter of Beary v City of Rye, supra,* at 412; *see also, Heiman v City of New York,* 85 AD2d 25, 27.)

The Court of Appeals has observed that the functional purpose of section 50-e of the General Municipal Law is to provide a public corporation with the opportunity for "prompt investigation and preservation of evidence of the facts and circumstances" of claims asserted against it. *(Matter of Beary v City of Rye, supra,* at 412; *see also, Heiman v City of New York, supra,* at 27.) It is apparent that this purpose was adequately served by the information contained in Nowlin's notice of claim, the police accident report and Robertson's medical files, and, therefore, it was an abuse of discretion for Special Term to deny Robertson's application. This is particularly so in light of Special Term's condition, which Robertson fulfilled, that he need only submit a suitable medical affidavit in order to obtain relief. Accordingly, I would reverse the order of the court below and allow Robertson to have his day in court.