■ In the Matter of DARNAY HARRIS et al., Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant. —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, the Dormitory Authority of the State of New York, appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated September 20, 1988, which granted the application.

Ordered that the order is affirmed, with costs.

It is well settled that General Municipal Law § 50-e (5) permits the court to consider all relevant factors and to exercise considerable discretion in determining whether to permit service of a late notice of claim (see, Matter of Mazzilli v City of New York, 115 AD2d 604, 605). Considering all relevant factors, we conclude that the court properly exercised its discretion in granting leave to file a late notice of claim. The petitioners have established a reasonable excuse for their failure to timely serve their notice of claim; namely, their excusable error concerning the identity of the public corporation against which the claim should have been asserted. The injured petitioner's mistaken belief that the library where he was injured was owned and operated by an entity other than the Dormitory Authority of the State of New York (hereinafter the Dormitory Authority) was reasonable since the Queens College campus where the library was located was not owned and operated by the Dormitory Authority. Moreover, error concerning the identity of the governmental entity to be served can be excused provided that a prompt application for relief is made after discovery of the error (see, Matter of Morris v County of Suffolk, 58 NY2d 767). In the present case, an application to serve a late notice of claim was made as soon as the petitioners learned that the Dormitory Authority was the actual owner of the area surrounding the library.

Additionally, the Dormitory Authority's conclusory allegation of severe prejudice is unsupported by the record (see, Matter of Mazzilli v City of New York, supra, at 606). The Dormitory Authority claims it was prejudiced by the failure to provide timely notice because it was thereby deprived of the

opportunity to inspect the accident site, but it has conceded that the site was under construction and continuously changing and that the debris which caused the petitioner to fall was a transient condition. The Dormitory Authority has offered no evidence indicating that it would have been able to effectively investigate the present claim had it been given timely notice 90 days after the accident. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.