■ In the Matter of JASIE MORGAN, an Infant, by His Mother and Natural Guardian, PATRICIA MORGAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated June 13, 1990, which granted the application.

Ordered that the order is affirmed, with costs.

On August 25, 1989, Patricia Morgan's son Jasie was allegedly injured by an elevator door with a dysfunctional safety device. After her child was injured, Morgan timely served a notice of claim upon the City of New York. After learning that the proper party was the New York City Housing Authority, on March 28, 1990, she moved for leave to serve a late notice of claim upon the latter entity.

Morgan claimed that since members of the New York City Housing Authority's police department conducted a full investigation, including interviews, approximately two weeks after the accident occurred, the appellant clearly had actual notice of the essential facts which form the basis of her claim.

We find that Morgan established her entitlement to serve a late notice of claim. She established that the appellant had actual notice of the essential facts underlying her claim. The investigation reports connect the occurrence with Morgan's claim of negligence on the part of the appellant, thereby furnishing actual knowledge of the essential facts underlying the claim (see, Caselli v City of New York, 105 AD2d 251).

While the reasonableness of Morgan's excuse for the delay is debatable, this court has previously stated that the statutory amendments to subdivision (5) of General Municipal Law § 50-e are to be liberally construed and that the absence of an acceptable excuse is not necessarily fatal. Rather, all relevant factors are to be considered, including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or shortly thereafter (Matter of Cicio v City of New York, 98 AD2d 38, 39). We find that under the facts and circumstances of this case the appellant did not suffer any prejudice as a result of the late notice of claim.

In reviewing this matter, "we are not here concerned with the substantive merits of the lawsuit, but rather with whether the governing criteria properly invoke the discretionary power of the court to permit a late notice of claim to be filed" (Matter of Halperin v City of New York, 127 AD2d 461, 463). Whether Morgan will be successful on her causes of action is an issue more properly determined at a later stage of the proceedings than at this juncture (see, Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 645).

Thus, under the facts and circumstances of this case, the Supreme Court did not improvidently exercise its discretion when it granted Morgan leave to serve a late notice of claim. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.