■ In the Matter of MARTIN FARRELL, Respondent, v CITY OF NEW YORK, Appellant. [595 NYS2d 531] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated February 11, 1991, which granted the application.

Ordered that the order is affirmed, with costs.

It is well settled that in determining an application for leave to serve a late notice of claim, the court must consider all relevant factors, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Carbone v Town of Brookhaven,* 176 AD2d 778; *Matter of Harris v Dormitory Auth.,* 168 AD2d 560; *Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526). The question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court *(see, Ortega v New York City Hous. Auth.,* 167 AD2d 337; *Matter of Gruber v City of New York,* 156 AD2d 450). In the present case, the petitioner's submissions, which included the affidavit of an orthopedic surgeon, indicated that the petitioner sustained fractures to both of his feet as a result of a fall from a flatbed truck, and that his injuries confined him to his home for over two months *(see, Matter of Charles v New*

*York City Health & Hosps. Corp., supra).* Moreover, additional delay in serving a notice of claim was caused by the petitioner's mistaken belief that the construction firm which employed him at the time of his accident was acting as general contractor for the State of New York on a project to rebuild a bridge and roadway in Staten Island. Error concerning the identity of the governmental entity to be served can be excused provided that a prompt application for relief is made after discovery of the error *(see, Matter of Morris v County of Suffolk,* 58 NY2d 767; *Matter of Harris v Dormitory Auth.,* 168 AD2d 560, *supra).* Here the petitioner moved for leave to file a late notice of claim as soon as he learned that his employer was in fact acting as general contractor for the City of New York. Moreover, the City did not deny the petitioner's allegation that it received actual notice of the facts underlying the claim through records maintained by his employer *(see, Matter of Andrews v New York City Hous. Auth.,* 190 AD2d 732; *cf., Washington v City of New York,* 72 NY2d 881), and its conclusory claim of prejudice is unpersuasive. Under these circumstances, we cannot say that the Supreme Court improvidently exercised its discretion in granting the petitioner's application. Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.