■ In the Matter of EDENILSO ALVARENGA, Respondent, v THOMAS FINLAY et al., Appellants. [639 NYS2d 115]

The General Municipal Law allows for the exercise of considerable discretion in determining whether to permit the service of a late notice of claim *(see,* General Municipal Law § 50-e [5]; *Matter of Harris v Dormitory Auth.,* 168 AD2d 560). In exercising its discretion, the court is to consider (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality's maintaining its defense on the merits *(see, Matter of Farrell v City of New York,* 191 AD2d 698; *Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526).

While the reasonableness of the excuse proffered by the petitioner in this case may be open to question, the absence of a reasonable excuse is not necessarily fatal *(see, Matter of Morgan v New York City Hous. Auth.,* 181 AD2d 890). The passenger in the petitioner's automobile commenced a lawsuit against the County of Suffolk (hereinafter the County) and a timely notice of claim was served in that action, which arose from the same automobile accident that is the subject of this action. Thus, the County acquired actual knowledge of the essential facts underlying the petitioner's claim within 90 days after the claim arose *(see, Matter of Robertson v City of New York,* 146 AD2d 456, 457, *affd* 74 NY2d 781). In addition, the County has failed to substantiate its conclusory assertion that the petitioner's delay in serving a notice of claim has prejudiced its ability to defend this action. Accordingly, the Supreme Court properly exercised its broad discretion by granting the petitioner leave to serve a late notice of claim. Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.