■ In the Matter of CLAUDIA JACKSON et al., Respondents, v CITY OF NEW ROCHELLE, Respondent, and BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE, Appellant. [643 NYS2d 127] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Board of Education of the City of New Rochelle appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 19, 1994, which granted the application and denied its cross motion to dismiss the proceeding as to it.

Ordered that the order is reversed, as a matter of discretion, with costs, the application is denied, the cross motion is granted, and the proceeding is dismissed as to the Board of Education of the City of New Rochelle.

The Supreme Court improvidently exercised its discretion in granting the petitioners leave to serve a late notice of claim against the Board of Education. While General Municipal Law § 50-e and Education Law § 3813 authorized the court, upon a proper showing, to extend the petitioners' time to serve the notice of claim, the record does not support the court's determination. It is uncontroverted that the Board of Education did not acquire actual knowledge of the essential facts constituting the petitioners' claim within three months of the accrual of such claim, or a reasonable time thereafter (*see,* Education Law § 3813 [2-a]). In addition, the petitioners' claimed ignorance of the need to serve a notice of claim upon the Board of Education is an unacceptable excuse (*see generally, Weber v County of Suffolk,* 208 AD2d 527; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21,* 193 AD2d 606, 607). Accordingly, the petitioners' application is denied and the Board of Education's cross motion to dismiss the application is granted. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.