In the Matter of CHARLES BOLLERMAN et al., Respondents, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Appellants. [668 NYS2d 709] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Schneier, J.), dated November 15, 1996, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

On February 28, 1996, the petitioner Charles Bollerman, an employee of the Maximum Electric Corp., was working with several others on the roof of a building that was to become a New York City public school. While attempting to lift a 600-pound gear switch box onto a raised platform, allegedly without the proper lifting and/or hoisting equipment, the workmen lost control of the box, which struck the petitioner, knocking him backwards off a 3-foot-high support wall and causing him serious injuries. The appellants did not deny that they had supervisors present at the construction site to whom the accident was promptly reported.

General Municipal Law § 50-e allows for the exercise of considerable discretion in determining whether to permit the service of a late notice of claim (see, General Municipal Law § 50-e [5]; Matter of Harris v Dormitory Auth., 168 AD2d 560). In exercising its discretion, the court is to consider (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired

actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense on the merits (*see, Matter of Farrell v City of New York*, 191 AD2d 698; *Matter of Charles v New York City Health & Hosps. Corp.*, 166 AD2d 526).

The plaintiff's excuse for the delay here, that he was unaware of the notice of claim requirement and did not contact an attorney for five months, frequently has been found unacceptable (*Matter of Jackson v City of New Rochelle*, 227 AD2d 483; *Matter of Ragin v City of New York*, 222 AD2d 678; *Dancy v Poughkeepsie Hous. Auth.*, 220 AD2d 413; *Weber v County of Suffolk*, 208 AD2d 527, 528). However, the absence of a reasonable excuse is not necessarily fatal to the petitioner's application (*see, Matter of Morgan v New York City Hous. Auth.*, 181 AD2d 890). Notwithstanding affidavits from employees of the New York City School Construction Authority and the Board of Education to the effect that searches of their files revealed that no notice of claim or other legal papers concerning the accident had been served upon them, the appellants have not denied that their on-site supervisors received actual notice of the incident immediately after it happened (*see, e.g., Matter of Alvarenga v Finlay*, 225 AD2d 617, 618; *Matter of Farrell v City of New York, supra*). In addition, the appellants have failed to substantiate their conclusory assertion that the petitioner's delay in serving a notice of claim has prejudiced their ability to defend this action (*see, e.g., Matter of Alvarenga v Finlay, supra; Matter of Farrell v City of New York, supra*). Accordingly, the Supreme Court properly exercised its broad discretion by granting the petitioner leave to serve a late notice of claim. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.