■ In the Matter of the Estate of GUICE N. ALLEN, Deceased. ELEANOR ALLEN, as Administrator of the Estate of GUICE N. ALLEN, Deceased, Appellant, COUNTY OF WESTCHESTER et al., Respondents, and WESTCHESTER COUNTY HEALTH CARE CORPO-

RATION, Respondent. [702 NYS2d 102] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), dated February 10, 1999, as denied that branch of the petition which was for leave to serve a late notice of claim upon the respondent Westchester County Health Care Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e provides for the exercise of discretion in determining whether to permit the service of a late notice of claim (*see,* General Municipal Law § 50-e [5]; *Matter of Harris v Dormitory Auth.,* 168 AD2d 560). In exercising its discretion, the court is to consider (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense on the merits (*see, Matter of Farrell v City of New York,* 191 AD2d 698; *Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526).

The appellant failed to offer a reasonable excuse for failing to timely serve a notice of claim on the respondent Westchester County Health Care Corporation (hereinafter the Medical Center). In addition, the appellant failed to demonstrate that the Medical Center received actual notice of the essential facts of the underlying claim. Moreover, the proposed notice of claim was vague since it failed to state whether the injuries alleged were the result of medical malpractice or ordinary negligence and failed to "allege the manner" in which the Medical Center was negligent (*see, Matter of Reed v County of Westchester,* 222 AD2d 679). Consequently, the Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim upon the Medical Center.

The appellant's remaining contentions are not properly before this Court since they are raised for the first time in her reply brief (*see, Duran v Heller,* 203 AD2d 414, 416). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.