■ Francesco Bianco-Esposito et al., Appellants, v City of Yonkers, Respondent. [729 NYS2d 646] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 2, 2000, as, upon reargument, adhered to a prior order of the same court dated August 16, 2000, granting the defendant's motion pursuant to CPLR 3211 to dismiss the complaint and denied their cross motion for leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, upon reargument, the order dated August 16, 2000, is vacated, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The General Municipal Law provides for the exercise of discretion in determining whether to permit the service of a late notice of claim (see, General Municipal Law § 50-e [5]). In exercising its discretion, the Supreme Court should consider "(1) whether the [plaintiff] has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense on the merits" (Matter of Allen, 268 AD2d 520, 521).

Under the facts and circumstances of this case, the Supreme Court improperly granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint, and improperly denied the plaintiffs' cross motion for leave to serve a late notice of claim. Therefore, the motion is denied and the cross motion is granted. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.