OPINION OF THE COURT
Ferris D. Lebous, J.
Claimant moves for permission to file a late claim pursuant to Court of Claims Act § 10 (6), as well as permission to proceed as a poor person under CPLR 1101 and 1102. The State of New York (hereinafter State) opposes the motion.
*396 1. Motion For Permission to Late File
The proposed claim indicates that claimant, currently incarcerated in the Broome County Correctional Facility, was arrested by Investigator Robert DelGiorno of the New York State Police on August 17, 2001. Claimant asserts that at the time of his arrest his personal property was confiscated with only a portion of the items being seized as contraband. It is the remaining items of claimant’s personal property that are the subject of this proposed claim. More specifically, claimant contends that Investigator DelGiorno gave his personal property that was deemed not to be contraband to two individuals named Laurie Cross and Joe Judge without his consent and seeks damages based upon the theories of conversion and unjust enrichment.
As a threshold issue, the court notes that it has jurisdiction to review and determine this motion since it was filed within three years from the date of accrual. (CPLR 214; Court of Claims Act § 10 [6].) Moreover, the Court of Claims has jurisdiction over conversion and unjust enrichment causes of action. (Brewer v State of New York, 176 Misc 2d 337, 343.)
Turning to the substance of the motion, the factors the court must consider in determining a properly framed Court of Claims Act § 10 (6) motion are whether:
1. the delay in filing the claim was excusable,
2. the State had notice of the essential facts constituting the claim,
3. the State had an opportunity to investigate the circumstances underlying the claim,
4. the claim appears to be meritorious,
5. the failure to file or serve upon the Attorney General a timely claim or to serve upon the Attorney General a notice of intention resulted in substantial prejudice to the State, and
6. there is any other available remedy.
The court will first examine the factor that has been characterized as the most decisive component in determining a motion under Court of Claims Act § 10 (6), namely, whether the proposed claim appears meritorious, since it would be futile to permit a meritless claim to proceed. (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.) In order to establish a meritorious claim, claimant must establish that the proposed claim is not patently groundless, frivolous, or legally defective and that there is reasonable cause to believe that a valid claim exists. (Id. at 11.) In order to make this determina *397 tion the court may examine the proposed causes of action, as well as all submitted papers and exhibits. (Id.) Although a late filing applicant need not overcome all legal objections relative to the merit of the proposed claim, an applicant must establish the probable existence of evidence necessary to support the fundamental elements of the proposed claim. (Id. at 11-12).
With respect to the conversion claim, a successful litigant must establish an “unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property.” (Meese v Miller, 79 AD2d 237, 242.) Here, claimant avers that he never gave consent to Investigator DelGiorno to transfer his property to Ms. Cross and Mr. Judge. The State does not deny that Investigator DelGiorno transferred this property to these individuals, but rather submits an affidavit from Investigator DelGiorno swearing that he did so at claimant’s direction. (Affidavit of Robert L. DelGiorno 14, 16.) The State has not indicated whether the alleged consent was obtained in writing, and no such supporting proof has been submitted. Additionally, the State submits the alternative argument that claimant has failed to proffer sufficient proof establishing he was the rightful owner of this property in the first instance as required for a conversion action. This alternate position appears to be inconsistent with the State’s position that it transferred the property at claimant’s direction which would have only been appropriate if the State accepted the claimant as owner of the property. As such, in light of these competing versions of events, the court is presented with a credibility issue. Although the court is entitled to consider credibility on a late filing motion, the court has not been presented with sufficient information to ascertain. the credibility of either deponent with any degree of certainty at this stage. (Matter of Galvin v State of New York, 176 AD2d 1185.) Thus, in this court’s view, there appears to be merit to the claim within the meaning of Court of Claims Act § 10 (6) despite the presence of a dispute regarding a sharp but undeveloped factual issue, namely, claimant’s ownership of these items and whether he consented to the transfer of property. (Marcus v State of New York, 172 AD2d 724, 725.) Consequently, the court finds that claimant has established that there is reasonable cause to believe a cause of action based upon conversion exists.
With respect to the merit of that portion of the proposed claim sounding in unjust enrichment, it is well settled that in *398 order “[t]o state a cause of action for unjust enrichment, a [litigant] must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor.” (Smith v Chase Manhattan Bank, USA, 293 AD2d 598, 600 [2002] [citations omitted]). In this court’s view, even assuming all the allegations to be true, from this record it appears that such a cause of action is not proper against the State, but rather may be more appropriate against the recipients of this property in another venue. (Metropolitan Elec. Mfg. Co. v Herbert Constr. Co., 183 AD2d 758, 759.) In sum, this court finds that claimant has established a showing of merit with respect to the proposed cause of action for conversion, but has not done so relative to the proposed unjust enrichment cause of action.
As to the remaining factors, claimant’s proffered excuse for his delay is that he was not aware that his property had been given away until January 2002 when he reviewed police reports. (Motion for permission to file a late claim; proposed claim 6.) Claimant’s lack of knowledge regarding the transfer of said property is an acceptable excuse. (Community Natl. Bank & Trust Co. of N.Y. v State of New York, 68 AD2d 999.) As such, this factor weighs in claimant’s favor.
Although the next three factors of notice, opportunity and prejudice are typically discussed together, the State concedes these three factors and, as such, the court need not discuss these factors at length. Based upon the State’s concession, the court finds these three factors weigh in claimant’s favor.
Finally, as previously indicated, it appears claimant may have an alternate remedy against the recipients of the property. Thus, this factor weighs against claimant.
Accordingly, upon reviewing and balancing all of the factors enumerated in Court of Claims Act § 10 (6), the court finds that in relation to the proposed conversion cause of action, that five of the six statutory factors, including the all important issue of merit, weigh in favor of claimant’s motion for permission to late file; whereas in connection with the proposed unjust enrichment cause of action that the all important issue of merit weighs against claimant, thereby warranting denial of that portion of claimant’s motion for permission to late file.
2. Motion for Poor Person Status
Insofar as this motion also seeks reduction for the filing fee applicable in this court pursuant to CPLR 1101 (f), such application is premature. Claimant should make the application *399 anew when he files the now permitted claim with the court. Accordingly, the motion for poor person status is denied without prejudice.
In view of the foregoing, it is ordered that claimant’s motion for permission to file a late claim, motion No. M-64815, is granted in part and denied in part in accordance with the foregoing.
It is further ordered that claimant’s motion for poor person relief is denied without prejudice.