■ In the Matter of SHANNON NIEVES et al., Respondents, v FRANK GIRIMONTE et al., Respondents, and SUFFOLK COUNTY WATER AUTHORITY, Appellant. [765 NYS2d 64] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Suffolk County Water Authority appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 29, 2002, which granted the application.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the application is denied.

On August 22, 2001, the infant petitioner (hereinafter the infant) allegedly sustained injuries when she fell from her bicycle as a result of a hazardous condition located upon the property of the respondents Frank Girimonte and Paul Girimonte. It was later revealed that this condition was an open trench that was excavated for the entire length of the Girimontes' front yard from the edge of the sidewalk to the edge of the house, and that the infant's fall occurred on the portion nearest to the sidewalk. Shortly after the accident took place, counsel for the petitioners contacted the Girimontes and requested that they notify their homeowners' insurance carrier. Approximately six months later, by letter dated February 28, 2002, the carrier advised counsel that it was disclaiming coverage because "[o]ur investigation has revealed the sidewalk * * * where [the infant] fell was dug up by the Suffolk County Water Authority prior to your loss date, and effected repairs to the same sidewalk 9/10/01." On July 16, 2002, almost five months after receipt of the carrier's letter, the petitioners' counsel filed their application for leave to serve a late notice of claim upon the Suffolk County Water Authority (hereinafter the Authority). The Supreme Court granted the application. We reverse.

It is well settled that the evaluation of an application for permission to serve a late notice of claim should be based upon consideration of certain key factors. These include whether the petitioners demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of DiBella v City of New York,* 234 AD2d 366 [1996]; *Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]).

In this case, the petitioners failed to meet most of these criteria (*see Matter of Mallory v City of New York,* 135 AD2d 636 [1987]). First, the petitioners failed to offer an acceptable excuse for the failure to timely file a notice of claim. They assert that they did not become aware of the Authority's involvement in the creation of the condition until counsel was notified by the insurance carrier on or about February 28, 2002. However, given the nature of the claimed defect, to wit, a large excavated area which abutted a public sidewalk, it was incumbent upon the petitioners to attempt to determine who was responsible for this situation. The record does not demonstrate that the petitioners made any attempt to investigate the area after the accident or to discover who undertook the project which resulted in the excavation (*see generally Seif v City of New York,* 218 AD2d 595 [1995]; *Matter of D'Andrea v City of Glen Cove,* 143 AD2d 747 [1988]). Furthermore, the petitioners offered no explanation as to why they waited almost five additional months after they learned of the Authority's involvement before seeking leave to serve the late notice of claim (*see Matter of D'Andrea v City of Glen Cove, supra* at 748). Most importantly, the record does not support the Supreme Court's conclusion that the Authority had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose. The mere fact that the Authority may have excavated at or near the site is not tantamount to knowledge of the essential facts of the claim with respect to which the petitioners sought leave to serve a late notice (*see Matter of Shapiro v County of Nassau, supra*). For example, the fact that the Authority did work did not mean that it was apprised of where the plaintiff fell, what caused her to fall, her damages, or the theory of liability against the Authority. In fact, even the proposed complaint is vague as to precisely what caused the accident. In view of all of these circumstances, the court improvidently exercised its discretion in granting the petition-

ers' application for leave to serve a late notice of claim upon the Authority. Santucci, J.P., Smith and Luciano, JJ., concur.

Mastro, J., dissents and votes to affirm the order appealed from, with the following memorandum in which Schmidt, J., concurs: According to the petitioners, the damages for which they seek leave to file a late notice of claim resulted from an injury sustained by Shannon Nieves, an infant, when she fell from her bicycle after hitting a hazardous condition located on the lawn of premises owned by the defendants Frank Girimonte and Paul Girimonte. The hazard was an open trench that ran from the sidewalk up to the front of the house. The petitioners' counsel promptly and properly notified the Girimontes of the incident which occurred on August 22, 2001.

It was not until the petitioners' counsel received a letter dated February 28, 2002, some six months later, written on behalf of the homeowners' insurer, that the petitioners learned that it was not the landowners who were responsible for the excavation, but the Suffolk County Water Authority (hereinafter the Authority) that had dug the trench and returned to fill it on September 10, 2001, three weeks after the infant's accident. Counsel claims that until it received that letter there was no reason to believe that the incident involved a municipal agency. There is, however, an unexplained delay of some $4\frac{1}{2}$ months between receipt of this information by the petitioners' counsel and July 16, 2002, the date the petition was filed. Interestingly, but without explanation, all the papers in the petition are dated March 30, 2002, but were not served on the Authority until July 12, 2002.

The court is allowed considerable discretion in determining whether to grant an application for permission to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469 [1998]; *Matter of Harris v Dormitory Auth. of State of N.Y.*, 168 AD2d 560 [1990]). The factors to be considered in the exercise of that discretion are "(1) whether the petitioner ha[d] a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality's maintaining its defense on the merits" (*Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]).

As the Supreme Court properly noted, no reasonable excuse was provided for the final $4\frac{1}{2}$ months of the delay but, in accordance with the liberal construction that has been held to

apply to the subject statute, the failure to provide such an excuse is not necessarily fatal to the application (*see Matter of Morgan v New York City Hous. Auth.,* 181 AD2d 890, 891 [1992]; *Matter of Cicio v City of New York,* 98 AD2d 38 [1983]). A court should, rather, reach its determination after examining all the factors, including prejudice to the municipality and whether it obtained timely actual knowledge that allowed it to conduct a meaningful investigation (*id.*). The purpose of requiring a notice of claim is to permit a municipality adequate opportunity to investigate the site and explore the merits of the claim while the information is likely to be available (*see Walston v City of New York,* 229 AD2d 485 [1996]).

According to the undisputed facts, the Authority was responsible for digging the trench and leaving it open for a period of time, restoring the area approximately 20 days after the incident. While the Authority did not know about the accident until 11 months after it occurred, it was aware at the outset of the hazardous nature of the condition it was creating and knew all the facts pertinent to it, such as its location, its depth, its width, and the period of time during which it remained open. This information continued to be readily available to it through its records and employees. Moreover, the Authority cannot claim prejudice based on the fact that it was prevented from investigating the condition of the trench while it was open because the trench was filled in and no longer existed for the majority of time during which the petitioners could have timely filed their notice of claim (the trench was closed within the first 20 days of the 90-day period at issue). Furthermore, the fact that the petitioners made their intention to seek compensation for injuries resulting from an accident on their premises timely known to the property owners militates against this being a spurious claim and makes it unlikely that the named parties would forget the relevant circumstances.

Since it has been generally recognized that the determination as to whether to grant leave to serve a late notice of claim is a question committed to the sound discretion of the Supreme Court (*see Matter of Metzger v Town of Warwick,* 294 AD2d 503 [2002]), in light of the fact that the initial confusion as to the responsible party in this matter was reasonable, that the Authority had actual knowledge of the hazardous nature of the condition it was creating, and most importantly, the fact that there has been no showing of prejudice to the Authority's ability to investigate this matter, I would affirm the order of the Supreme Court.