In the Matter of NANCY TERMINI, Respondent, v VALLEY STREAM UNION FREE SCHOOL DISTRICT No. 13, Appellant, et al., Respondent. [769 NYS2d 596]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Lally, J.), entered October 30, 2002, which granted the application.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the application is denied.

On December 14, 2001, after school hours, at approximately 9:00 P.M., the petitioner's child was allegedly injured while playing in a playground area owned by the respondent, Valley Stream Union Free School District No. 13 (hereinafter the District). The following day the petitioner went to the school which is adjacent to the playground and orally informed the principal and the school nurse about the accident. However, the petitioner failed to timely file a notice of claim with the District in accordance with Education Law § 3813 (2) and General Municipal Law § 50-e. Approximately eight months after the accident, the petitioner brought this proceeding for leave to serve a late notice of claim upon the District, which was granted by the Supreme Court.

The Supreme Court improvidently exercised its discretion in granting the application. It is well settled that the evaluation of an application for leave to serve a late notice of claim should be

based upon consideration of certain key factors. These include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of DiBella v City of New York,* 234 AD2d 366 [1996]; *Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]).

In this case, the petitioner failed to present a valid excuse for the failure to timely file a notice of claim with the District (*see Matter of Mallory v City of New York,* 135 AD2d 636 [1987]). As the Supreme Court correctly noted, the fact that the petitioner was unaware of the notice of claim requirement does not constitute a reasonable excuse (*see Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469 [1998]). Furthermore, the petitioner failed to establish that the District had timely notice of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter. Although the petitioner alleged that she notified school officials about the accident the day after it occurred, "what satisfies the statute is not knowledge of the alleged wrong, but rather, knowledge of the nature of the claim" (*Matter of Shapiro v County of Nassau, supra* at 545). Even assuming that oral notification to the school principal and school nurse satisfied the requirement of notice to the District, there was nothing to support the petitioner's claim that such notification sufficiently set forth enough information to apprise the District of the nature of the claim which the petitioner now seeks to assert. Moreover, there was no evidence to rebut the District's claim that the delay in filing a notice of claim will prejudice its ability to maintain a defense on the merits (*see Matter of Deegan v City of New York,* 227 AD2d 620 [1996]).

Accordingly, under these circumstances, the petitioner was not entitled to leave to file a late notice of claim. Santucci, J.P., McGinity and Townes, JJ., concur.

Mastro, J., dissents and votes to affirm the order, with the following memorandum: Nicholas Termini, an infant, allegedly was injured on the evening of December 14, 2001, while playing in the appellant's playground. This application by his mother, Nancy Termini (hereinafter the petitioner), for leave to serve a late notice of claim individually and on behalf of her son was filed approximately five months beyond the 90 days permitted by statute (*see* General Municipal Law § 50-e [1] [a]).

According to an affidavit submitted by the petitioner, she informed the principal and the school nurse about her son's condition and the alleged negligent conditions that caused it on the day after the incident, in part to explain her son's need for special attention due to the injuries he had sustained to his facial bones and teeth. She further asserted that she had "recently visited the school and the playground area is in the same condition that it was on the night of the accident, i.e., no lights, no gate, no handrail, etc. The slide is also in the same condition."

Courts are allowed considerable discretion in determining whether to grant an application for permission to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469 [1998]; *Matter of Harris v Dormitory Auth. of State of N.Y.,* 168 AD2d 560 [1990]). The factors to be considered in the exercise of that discretion are: "(1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality's maintaining its defense on the merits" (*Matter of Alvarenga v Finlay,* 225 AD2d 617 [1996] [citations omitted]).

As to the reason for the delay, the petitioner claimed she was unaware of the notice requirement. The Supreme Court found that this explanation did not constitute a reasonable excuse (*see Matter of Bollerman v New York City School Constr. Auth., supra; Matter of Jackson v City of New Rochelle,* 227 AD2d 483 [1996]), but, in accordance with the liberal construction that has been held to apply to the subject statutory amendments, properly concluded that the failure to provide such an excuse was not necessarily fatal (*see Matter of Morgan v New York City Hous. Auth.,* 181 AD2d 890, 891 [1992]; *Matter of Cicio v City of New York,* 98 AD2d 38 [1983]). A court should, rather, reach its determination after examining all the factors, including prejudice to the municipality and whether it obtained timely actual knowledge (*see Matter of Cicio v City of New York, supra*).

As to the other factors, the assertions in the petitioner's affidavit support the conclusion that the respondent had actual knowledge of the essential facts of the claim shortly after the accident occurred and that the delay did not prejudice its ability to investigate the alleged defects (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.,* 287 AD2d 761 [2001]; *Matter of Tortorici v East Rockaway Pub. School Dist. No. 19,* 191 AD2d 495 [1993]).

In opposition, the respondent offered only the conclusory assertion that the "extensive" and "inordinate" delay prejudiced its ability to investigate the claim and defend this action. It did not submit an affidavit by a person with knowledge to refute the petitioner's assertions of timely actual knowledge, it did not claim that the principal and/or the school nurse were no longer available, nor did it allege that the playground had been substantially altered since the incident occurred. Accordingly, the respondent failed to demonstrate that it was prejudiced or that its ability to investigate the claim was impaired by the delay.

Under the given circumstances, I would find that the Supreme Court providently exercised its discretion by granting leave to file a late notice of claim.