| |
|---|
| **Sanchez-Pesantez v City of New York** |
| 2024 NY Slip Op 33469(U) |
| October 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154634/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**

*Justice*

-------------------------------------------------------------------------------X

ROBIN FABRICIO SANCHEZ-PESANTEZ,

Plaintiff,

- v -

CITY OF NEW YORK, DORMITORY AUTHORITY OF THE
STATE OF NEW YORK

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 154634/2024 |
| MOTION DATE | 08/19/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 33, 34, 36, 37, 38

were read on this motion for _____LEAVE TO FILE_____.

Plaintiff Robin Fabricio Sanchez-Pesantez ("Plaintiff") seeks an order: (1) pursuant to CPLR § 409(a), directing defendants to produce contracts, investigative documents, and other records concerning the construction site at 1617 Amsterdam Avenue, New York, from May 19, 2023, until the present; (2) permitting the late service of a notice of claim *nunc pro tunc* pursuant to General Municipal Law ("GML") § 50-e(5) and deeming the same served timely against the City of New York ("City") and Dormitory Authority of the State of New York ("DASNY"); and (3) for such other and further relief as this court deems just and proper.

## BACKGROUND

Plaintiff alleges that on May 19, 2023, he sustained personal injuries as a result of a construction-related accident at 1617 Amsterdam Avenue, part of the City College of New York campus. The complaint asserts violations of New York Labor Laws §§ 200, 240(1), and 241(6), as well as common law negligence against both the City and DASNY. Initially, Plaintiff conducted a search of the property records, which indicated that the premises were owned by the City. However, subsequent discovery revealed conflicting information regarding ownership, with DASNY identified as the record owner and the City as a potential managing entity due to its involvement in the property's landmark status.

The parties have exchanged notices of claim, initiated related proceedings, and engaged in discovery. However, due to the ambiguity of the premises' ownership and control, Plaintiff delayed service of a notice of claim on DASNY until 334 days after the incident. Plaintiff now seeks leave to serve the notice of claim against both defendants, and deem it timely served, *nunc pro tunc*, citing confusion as a reasonable excuse for the delay.

[* 1]

## ARGUMENTS

In support of his application, Plaintiff argues that the delay in filing was due to a reasonable and excusable error concerning the identification of the appropriate public entity to serve. Plaintiff maintains that both DASNY and the City had actual knowledge of the essential facts of the claim, as the accident was reported to onsite supervisors, and defendants have not suffered substantial prejudice.

DASNY opposes the motion, asserting that Plaintiff failed to present a reasonable excuse for the delay in service and that the actual knowledge possessed by DASNY was insufficient to satisfy the requirements of GML § 50-e(5). DASNY further argues that it has been prejudiced by the delay as key evidence and witnesses may no longer be available.

The City argues that it is not a proper party to this action, as it did not own, manage, or control the premises at the time of the incident. The City asserts that the premises were under the exclusive control of DASNY, which financed and oversaw the construction project. Consequently, the City contends that it owes no duty of care to Plaintiff and that allowing the late service of a notice of claim would be futile.

## DISCUSSION

GML § 50-e(5) governs applications for leave to serve a late notice of claim. The statute directs courts to consider three factors: (1) whether the claimant has a reasonable excuse for the delay, (2) whether the municipality or its agents acquired actual knowledge of the essential facts within 90 days or a reasonable time thereafter, and (3) whether the delay substantially prejudiced the municipality in its ability to defend on the merits. Notably, no single factor is determinative, and courts have broad discretion in balancing these considerations (*see Newcomb v. Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]).

### 1. *DASNY*

Plaintiff argues that confusion over the property's ownership constitutes a reasonable excuse. The record reveals that while initial property tax records and a deed review indicated State and City involvement, further investigation confirmed that DASNY had acquired title through a 1972 deed and was the record owner. Plaintiff promptly served a notice of claim on DASNY once this information was obtained.

The court finds Plaintiff's confusion regarding the appropriate entity to be reasonable under the circumstances. Furthermore, DASNY had actual knowledge of the accident, as the incident was reported to its agent, Probuildero Corp., on the day of the occurrence, and DASNY was actively involved in workers' compensation proceedings concerning the same incident (*see Matter of Bollerman v. New York City School Constr. Auth.*, 247 AD2d 469, 470 [2d Dept 1998]). Moreover, DASNY's own incident report, which is annexed to its motion papers, lays bare its actual and comprehensive knowledge of the accident. For DASNY to argue that it had notice but not *sufficient* notice is to draw a distinction without a difference. It is akin to a ship's captain

claiming that, despite seeing a storm on the horizon, he lacked "sufficient" warning to alter course. Such a contention rings hollow when the record shows that DASNY possessed all the facts necessary to chart its response and conduct a meaningful investigation. Therefore, the court is not swayed by DASNY's attempt to redefine the parameters of notice to suit its litigation posture.

Lastly, DASNY has not demonstrated substantial prejudice that would arise from permitting the late notice, given its involvement and documentation of the incident. Likewise, Plaintiff astutely argues that, even if the notice of claim had been served earlier, it would not have enabled DASNY to inspect the job site in the same condition as when the incident occurred. By the time of such notice, the scene had changed, the environment altered, and the conditions that led to Plaintiff's injury rendered unobservable. Thus, any hypothetical inspection would have been of little probative value, further underscoring the absence of any real prejudice to DASNY. To suggest otherwise is to overlook the fluid and transient nature of construction sites, where circumstances can shift rapidly and irrevocably. Consequently, the court finds that Defendants' assertion of prejudice is not only unsupported but also unavailing in the context of the realities of the worksite.

Accordingly, the motion for leave to serve a late notice of claim is granted with respect to DASNY, and the notice of claim annexed to Plaintiff's papers is deemed timely served, *nunc pro tunc*.

### 2. *The City of New York*

The City contends that it did not own or control the premises at 1617 Amsterdam Avenue at the time of the incident and, therefore, owed no duty to Plaintiff. In support, the City presents conclusive property records indicating that DASNY was the sole owner of the premises. Plaintiff's argument that the City's landmark designation of the property implies a duty of care is unavailing, as landmark status does not equate to control over day-to-day operations or construction activities.

Moreover, Plaintiff fails to show that the City had actual knowledge of the essential facts within the statutory period or that permitting late service would not prejudice the City. Unlike DASNY, the City was not a party to related proceedings, nor did it have any involvement in the management of the construction site. Thus, the motion for leave to serve a late notice of claim is denied with respect to the City. For the foregoing reasons, it is hereby:

ORDERED that Plaintiff's motion is granted with respect to the Dormitory Authority of the State of New York, and the notice of claim annexed to Plaintiff's moving papers is deemed timely served *nunc pro tunc*; and it is further

ORDERED that the Dormitory Authority of the State of New York is directed to produce contracts, investigative documents, and other records concerning the construction site at 1617 Amsterdam Avenue, New York, from May 19, 2023, until the present within sixty (60) days, and no later than Monday December 2, 2024; and it is further

ORDERED that Plaintiff's motion is denied with respect to the City of New York; and it is further

ORDERED that as the City of New York is an improper party to this proceeding, Plaintiff's claims against the City of New York are dismissed; and it is further

ORDERED that the Clerk of the Court is therefore directed to enter judgment dismissing the City of New York from this case and removing the City of New York from the caption; and it is further

ORDERED that this matter is remitted to the General Clerk's Office for reassignment to a justice of a non-City Part, as the City of New York is no longer a party to this action.

This constitutes the decision and order of the court.

20241002164345HKINGO1F16702BD33842C6928EA831720CF828

| __10/2/2024__ | | | | |
|---|---|---|---|---|
| __DATE__ | | | __HASA A. KINGO, J.S.C.__ | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☒ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]

4 of 4