**Stewart v City of New York**

2025 NY Slip Op 31273(U)

April 14, 2025

Supreme Court, New York County

Docket Number: Index No. 152702/2025

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**              PART               **05M**

_Justice_

-------------------------------------------------------------------------------X

GERRI STEWART, TREVOR COLLINS, ALFRED
RODRIGUEZ

                         Petitioners,

                     - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION,

                         Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152702/2025 |
| MOTION DATE | 03/25/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 9

were read on this motion to                      EXTEND TIME           .

      Petitioners move pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon Respondents, The City of New York and the New York City Department of Transportation ("DOT"), _nunc pro tunc_. The motion is unopposed. Upon careful review of the submissions and the applicable law, and in the exercise of this court's discretion, the petition is granted for the reasons that follow.

## BACKGROUND AND PROCEDURAL HISTORY

      This matter arises from a motor vehicle collision that occurred on September 11, 2024, at approximately 11:55 p.m., at or near the intersection of Amsterdam Avenue and West 111th Street in the County, City, and State of New York. At the time of the incident, Petitioner Gerri Stewart was operating a vehicle with Petitioners Trevor Collins and Alfred Rodriguez as passengers. The vehicle was struck by a New York City Department of Transportation vehicle, bearing NYS license plate BC1237, operated by Emanuel Tota—an employee of the City acting within the scope of his employment.

      Immediately following the incident, officers from the New York City Police Department arrived at the scene and created a formal accident report, documenting the identities of the parties and noting the involvement of a City-owned vehicle. Emanuel Tota remained at the scene and spoke with responding officers. Based on this contemporaneous documentation, Petitioners assert that Respondents had actual knowledge of the essential facts of the claim.

      On December 17, 2024—ninety-seven (97) days after the incident—Petitioners served a notice of claim upon Respondents. The present motion was filed shortly thereafter due to a clerical miscalculation in calendaring the 90-day period, which was erroneously computed using business

**152702/2025  STEWART, GERRI ET AL vs. THE CITY OF NEW YORK ET AL**        **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

rather than calendar days. Petitioners now request that the court permit the late service of the notice of claim *nunc pro tunc*.

## ARGUMENTS

Petitioners maintain that the statutory requirements set forth under General Municipal Law § 50-e(5) have been fully satisfied and that the court should exercise its discretion to grant leave to serve a late notice of claim in the interest of justice. They assert that Respondents acquired actual and timely knowledge of the essential facts giving rise to the claim through the direct involvement of their employee in the incident and the contemporaneous preparation of a police report documenting the occurrence. The delay in serving the notice, Petitioners explain, stemmed from a good faith clerical error in calculating the statutory deadline—an error attributable to the mistaken use of business days rather than calendar days. They further argue that Respondents have suffered no prejudice as a result of this brief delay, given that the relevant facts were promptly recorded, the identities of the parties involved were known from the outset, and any necessary investigation could have been—and still can be—readily conducted. Moreover, Petitioners emphasize that their claim is neither frivolous nor legally deficient, but rather arises from a serious collision involving a municipally-owned and operated vehicle, which resulted in substantial injuries. Finally, they note that the present application was filed well within the statutory limitations period of one year and ninety days from the date of the incident, as prescribed by General Municipal Law § 50-i(1), thereby preserving their right to seek judicial redress.

## DISCUSSION

General Municipal Law § 50-e(5) vests the court with broad discretion to permit late service of a notice of claim, considering "all relevant facts and circumstances." The court is to give particular consideration to whether the public entity acquired actual knowledge of the essential facts of the claim within ninety days after the claim arose or within a reasonable time thereafter. Courts are instructed to give this factor "great weight" (*Matter of Jaime v City of New York*, 41 NY3d 531 [2024]).

Here, the evidence before the court establishes convincingly that Respondents had actual, contemporaneous notice of the facts underlying the claim. The accident occurred during the course of Respondents' employee's operation of a City vehicle, and the New York City Police Department responded and documented the incident. As noted in *Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 66 (1st Dept 2007), the notice of claim requirement is not to be wielded as a sword to cut down valid claims, but as a shield to protect municipalities from baseless ones. This guiding principle supports Petitioners' application.

The existence of an official police accident report, combined with the presence of Respondents' agent, satisfies the criteria for actual knowledge. Courts have held that such contemporaneous reporting constitutes sufficient notice (*see Bollerman v New York City School Const. Auth*ority, 668 NYS2d 709 [2d Dept 1998]; *Rodriguez v NYC Health & Hosp. Corp*., 270 AD2d 110 [1st Dept 2000]). That Respondents' employee was involved in the incident and gave a statement to police further strengthens the inference that Respondents were well aware of the occurrence and the identities of those involved.

With respect to prejudice, Petitioners have persuasively argued—and Respondents have not opposed—that no prejudice has resulted. Courts routinely reject assertions of prejudice where a municipality had timely, first-hand knowledge of the event, as here (*see Montalvo v Town of Harrison*, 151 AD2d 652 [2d Dept 1989]; *Matter of Guzman v County of Westchester*, 208 AD2d 925 [2d Dept 1994]). Even absent a formal investigation by Respondents, the incident's documentation, availability of involved parties, and absence of disputed facts render the argument for prejudice speculative at best.

While the excuse provided—clerical calendaring error—is modest, it is not fatal. As reiterated in *Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.*, 55 NY2d 979, 981 (1982), and again in *Matter of Morgan by Morgan v New York City Hous. Auth.*, 181 AD2d 890 (2d Dept 1992), the absence of a reasonable excuse is only one factor and is not determinative when other factors, particularly actual knowledge and lack of prejudice, weigh heavily in favor of granting the application.

Moreover, the application is timely brought within the one year and ninety-day statute of limitations imposed by General Municipal Law § 50-i(1). As such, the court retains jurisdiction and is empowered to grant the requested relief (*see Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256 [1980]; *Matter of Beary v City of Rye*, 44 NY2d 398 [1978]).

Finally, the proposed claim appears to be meritorious. It is grounded in allegations of negligence in the operation of a municipally-owned vehicle resulting in physical and psychological injuries. Petitioners are not required at this stage to establish a prima facie case, but only that the claim is not patently without merit (*see Savino v State of New York*, 199 AD2d 254 [2d Dept 1993]; *Dippolito v State of New York*, 192 Misc 2d 395 [Ct Cl 2002]). That standard is amply met here.

The remedial purpose of General Municipal Law § 50-e and its mandate for liberal construction are best served by granting the relief sought. As observed in *Boles v City of New York*, 36 Misc 3d 1241(A), (Sup Ct New York County, 2012), the statute must be applied flexibly to avoid the unjust forfeiture of legitimate claims due to procedural technicalities.

In light of the totality of the circumstances—particularly Respondents' actual knowledge of the incident, the lack of prejudice, the timely nature of the application, and the facial merit of the claim—the court finds that Petitioners have met their burden under General Municipal Law § 50-e(5).

Accordingly, it is hereby:

ORDERED and ADJUDED that Petitioners' motion for leave to serve a late Notice of Claim upon Respondents, THE CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF TRANSPORTATION, *nunc pro tunc*, is GRANTED; and it is further

ORDERED and ADJUDGED that the Notice of Claim served on December 17, 2024, shall be deemed timely served *nunc pro tunc*; and it is further

**152702/2025   STEWART, GERRI ET AL vs. THE CITY OF NEW YORK ET AL**                                   **Page 3 of 4**
   **Motion No.  001**

[* 3]
3 of 4

ORDERED and ADJUDGED that the Clerk shall mark this matter accordingly.

This constitutes the decision, order, and judgment of the court.

2025041410574BHKINGOED9A728303041E6B6CE36998X2A098B

__4/14/2025__
**DATE**

**HASA A. KINGO, J.S.C.**

CHECK ONE:           [X] CASE DISPOSED            [ ] NON-FINAL DISPOSITION

                     [X] GRANTED     [ ] DENIED    [ ] GRANTED IN PART           [ ] OTHER

APPLICATION:         [ ] SETTLE ORDER              [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT     [ ] REFERENCE

**152702/2025   STEWART, GERRI ET AL vs. THE CITY OF NEW YORK ET AL**            **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]