■ In the Matter of JOGINDER SINGH, Appellant, v CITY UNIVERSITY OF NEW YORK/BRONX COMMUNITY COLLEGE, Respondent. [636 NYS2d 130] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 28, 1994, as denied his application.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the application is granted, and the proposed notice of claim contained in the record on appeal is deemed served.

The petitioner was injured on the grounds of Bronx Community College on May 21, 1993, when the scaffolding on which he was working collapsed, causing him to fall approximately

15 feet to the ground. The petitioner timely served notices of claim against both the City of New York and the State of New York. However, the plaintiff failed to timely serve the Board of Trustees of the City University of New York, as mandated by Education Law § 6224. The petitioner, claiming ignorance of this statutory provision, thereafter made the instant application on or about December 30, 1993.

The General Municipal Law allows for the exercise of considerable discretion in determining whether to permit service of a late notice of claim (see, General Municipal Law § 50-e [5]; *Matter of Harris v Dormitory Auth.*, 168 AD2d 560). In exercising its discretion, the court must focus on whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, *Matter of Farrell v City of New York*, 191 AD2d 698; *Matter of Charles v New York City Health & Hosps. Corp.*, 166 AD2d 526).

While the reasonableness of the excuse proffered by the petitioner may be open to some question, the absence of an acceptable excuse is not necessarily fatal within the context of this case (see, *Matter of Morgan v New York City Hous. Auth.*, 181 AD2d 890). The respondent wholly failed to assert that it would be prejudiced by granting the petitioner's application (see, *Matter of Cicio v City of New York*, 98 AD2d 38, 39). In addition, the respondent apparently failed to disclose the reports and records which its employees are alleged to have compiled in the aftermath of the accident. As such, the respondent frustrated the petitioner's efforts to demonstrate that the respondent had actual notice of the essential facts constituting the claim within 90 days or a reasonable time thereafter. Significantly, the respondent does not controvert the existence of such reports, does not dispute the claim that campus security personnel undertook an investigation on the date of the accident, and does not take issue with the assertion that it acquired actual notice of the accident upon its occurrence (see, *Matter of Farrell v City of New York*, 191 AD2d 698, *supra*). Accordingly, under these circumstances, the Supreme Court improvidently exercised its discretion in denying the petitioner leave to serve a late notice of claim. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.