■ BEST PAYPHONES, INC., Appellant, v EMPIRE STATE PAYPHONE ASSOCIATION et al., Respondents. [708 NYS2d 11] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 7, 1999, which granted defendants' motion for partial summary judgment dismissing plaintiff's second, third, and fifth through ninth causes of action with prejudice, and severed and transferred the remaining claims to Civil Court, New York County, unanimously affirmed, with costs.

The motion court properly declined to defer defendant's summary judgment motion on the basis of plaintiff's purported need for further discovery since plaintiff failed to make "the threshold showing that facts essential to justify opposition may exist" (*Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239, 240).

On the merits, while the court properly sustained plaintiff's breach of contract claim, its causes of action for fraud and negligent misrepresentation were redundant of the contract claim and thus properly dismissed (*see, Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 527). Also proper was the motion court's dismissal of plaintiff's claim for punitive damages since plaintiff failed to "demonstrate egregious tortious conduct by which [it] was aggrieved, [and] also that such conduct was part of a pattern of similar conduct directed at the public generally" (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Nor did the court err in dismissing plaintiff's fifth and sixth causes of action alleging antitrust violations since plaintiff failed to make the requisite showing that the

complained of conduct by defendants had market-wide anti-competitive consequences (*see, Rock TV Entertainment v Time Warner*, 1998 US Dist LEXIS 799, *10, 1998 WL 37498, *3 [SD NY, Jan. 30, 1998], quoting *Blaine v Meineke Discount Muffler Shops*, 670 F Supp 1107, 1112). Moreover, plaintiff admitted at deposition that it could have secured a bond without being a member of defendant association at considerably less cost than the annual dues. In addition, even if the alleged "gentlemen's agreement" among defendants regarding the spacing of private payphones had been designed to reduce competition, it could not have achieved that objective, since, as plaintiff admitted, the alleged "gentlemen's agreement" was never enforced (*see, e.g., Matter of Freeman*, 40 AD2d 397, 400, *affd* 34 NY2d 1). Given the propriety of the dismissal of the antitrust claims, plaintiff's seventh and eighth causes of action to enjoin further anticompetitive action were without foundation and, accordingly, also properly dismissed. Finally, plaintiff's ninth cause of action for tortious interference with prospective business relations was properly dismissed since plaintiff failed to identify any prospective business relation that had been impaired by defendants' conduct.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Ellerin, Lerner and Friedman, JJ.