■ In the Matter of CLARA JOHNSON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [756 NYS2d 67] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated April 29, 2002, which denied the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the petition is granted, and the proposed notice of claim is deemed served.

The application for leave to serve a late notice of claim was timely made within the applicable statute of limitations of one year and 90 days (*see* General Municipal Law § 50-i [1]). Therefore, the petitioner Clara Johnson was not required to demonstrate mental incapacity to toll the statute of limitations (*cf. Bonanno v City of Rye,* 280 AD2d 630; *Kelly v Solvay Union Free School Dist.,* 116 AD2d 1006; *Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664). When an application for leave to serve a late notice of claim is timely made within the applicable statute of limitations, the absence of a reasonable excuse for the delay "is not necessarily fatal when weighed against other relevant factors, including prejudice to the municipality and whether it obtained actual knowledge within the 90-day period or shortly thereafter" (*Matter of Staley v Piper,* 285 AD2d 601, 602; *see Fenton v County of Dutchess,* 148 AD2d 573).

On the issue of prejudice and actual notice, it is undisputed that the respondent New York City Department of Correction (hereinafter the DOC) investigated the incident and prepared an accident report on the incident. The petitioners claimed in the petition that they had "not been informed of the results [of the report] to date." The respondents did not notify the court of the results either, and argued that it was the petitioners' burden to establish that the report set forth the essential facts constituting the claim.

A report of an investigation by the municipal agency charged with tortious conduct may constitute proof that the municipality and its agency did in fact have actual notice of the facts constituting the claim (*see Picciano v Nassau County Civ. Serv. Commn.,* 290 AD2d 164, 174; *Tatum v City of New York,* 161 AD2d 580; *Matter of Quiroz v City of New York,* 154 AD2d 315; *Rodriguez v County of Nassau,* 126 AD2d 536; *Matter of Wade v City of New York,* 65 AD2d 534). Where the municipal agency charged with tortious conduct has prepared a report, the contents of the report must be reviewed to see if it provided the agency and the municipality with notice of the essential facts constituting the claim (*see Matter of Price v Board of Educ.,* 300 AD2d 310; *Johnson v Katonah-Lewisboro School Dist.,* 285 AD2d 490; *Matter of Baldi v Mt. Sinai School Dist.,* 254 AD2d 414).

The respondents did not make the contents of the report available to the Supreme Court. The Supreme Court determined that it was the petitioners' burden to establish that the report provided actual notice. It is generally inappropriate to place the burden of proof on a party in the case where the facts governing the resolution of the controversy are within the exclusive knowledge of the opposing party (*see Tenkate v Moore,* 274 AD2d 934; *Speirs v Not Fade Away Tie Dye Co.,* 236 AD2d 531).

In *Matter of Singh v City Univ. of N.Y. Bronx Community Coll.* (223 AD2d 545), the agency failed to disclose the contents of reports compiled in the aftermath of an accident. This Court found that "the respondent frustrated the petitioner's efforts to demonstrate that the respondent had actual notice of the essential facts constituting the claim within" and granted the application for leave to serve a late notice of claim (*Matter of Singh v City Univ. of N.Y. Bronx Community Coll., supra* at 546).

Since it is undisputed that the DOC investigated the incident giving rise to the claim, one may infer that it had knowledge of the essential facts. Further, since the injured party is dead, it appears that the respondents had exclusive knowledge of the essential facts which constitutes some justification for the delay (*see Matter of Banegas-Nobles v New York City Health & Hosps. Corp.,* 184 AD2d 379; *see also Matter of West v New York City Health & Hosps. Corp.,* 195 AD2d 517; General Municipal Law § 50-e [5]).

Under the totality of the circumstances, we find that the Supreme Court improvidently exercised its discretion in denying the petitioners' application for leave to serve a late notice

of claim. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.