■ In the Matter of ROSA CRUZ, Appellant, v WESTCHESTER COUNTY HEALTH CARE CORP. et al., Respondents. [779 NYS2d 920]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 10, 2003, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme

Court, Westchester County, for further proceedings in accordance herewith.

In determining whether to grant an application for leave to serve a late notice of claim, the Supreme Court should consider the following key factors: (1) whether the petitioner had a reasonable excuse for her failure to serve a timely notice of claim, (2) whether the public corporation acquired actual notice of the essential facts of the claim within 90 days after it arose or a reasonable time thereafter, and (3) whether the delay substantially prejudiced the public corporation's ability to maintain a defense on the merits (*see Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]).

The Supreme Court noted that since the respondents neither complied with the petitioner's demands for her medical records nor provided the court with a copy thereof, that "the issue of whether the records did in fact provide respondents with 'actual notice' of the essential facts constituting the claim cannot here be determined."

When the facts required to resolve an issue are within the exclusive knowledge and control of a respondent, it is generally inappropriate to place the burden of proof with respect to that issue on a petitioner (*cf. Matter of Johnson v City of New York*, 302 AD2d 463 [2003]). Thus, the Supreme Court improvidently exercised its discretion in denying the petition, since missing information material to an analysis of the relevant factors was in the exclusive control of the respondents (*see Matter of Celeste v Nassau Health Care Corp./Nassau County Med. Ctr.*, 8 AD3d 271 [2004]; *Rosas v 397 Broadway Corp.*, 309 AD2d 913 [2003]).

Accordingly, we remit the matter to the Supreme Court, Westchester County, to reconsider the petition upon the development of a more complete record. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.