Vincent CUSANO, individually d/b/a Vinnie Vincent Music, d/b/a Streetbeat Music f/k/a Vinnie Vincent, Plaintiff—Appellant,

v.

Gene KLEIN, an individual; Stanley Eisen, an individual; The Kiss Company, a New York Corporation; Gene Simmons Worldwide Inc., a Delaware Corporation; Simstan Music Ltd., a Delaware Corporation; Kisstory Ltd.; Polygram Records, Inc., a Delaware Corporation; Horipro Entertainment Group, a California Corporation; Paul Stanley, Defendants—Appellees.

No. 03–56650.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Nov. 15, 2005.

Jeffrey S. Benice, Esq., Law Offices of Jeffrey S. Benice, Costa Mesa, CA, for Plaintiff–Appellant.

Ira Allan Ginsburg, Morris Plains, NJ, John H. Lavely, Esq., Brian G. Wolf, Esq., Lavely & Singer, Barry E. Mallen, Esq., Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

1. The district court was correct in applying the law of New York to

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cusano's claim for an open book account. New York law does not recognize a cause of action for an open book account. *See Waldman v. Englishtown Sportswear, Ltd.*, 92 A.D.2d 833, 460 N.Y.S.2d 552, 556 (N.Y.App.Div.1983). Nor does Cusano's account qualify as "mutual, open and current," as it lacks both openness and mutuality. *See Rodgers v. Roulette Records, Inc.*, 677 F.Supp. 731, 735 (S.D.N.Y.1988).

■ 2. Cusano misreads our opinion in *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001) ("*Cusano I*"), which held only that Cusano had standing to raise some of his claims. *Id.* at 945. *Cusano I* did not rule in favor of Cusano on the merits of any of his claims to royalty rights or copyrights, and did not invalidate any of the agreements between the parties. To defeat appellees' summary judgment motion on remand, Cusano had to produce evidence demonstrating inaccuracies in the accounting. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Cusano "utterly failed" to carry this burden. *See Cusano v. Klein*, 280 F.Supp.2d 1035, 1040 (C.D.Cal.2003). Thus, summary judgment was properly granted on all claims.

■ 3. The district court offered Cusano multiple opportunities over several years to conduct discovery. Given Cusano's repeated failure to do so, it did not abuse its discretion by finally closing all discovery. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002).

■ 4. Cusano's right of publicity claim, and the grant of attorney's fees associated with it, are not properly before us. These issues were already decided in *Cusano I. See* 264 F.3d at 951. Raising these issues again in this appeal is frivolous. *See* Fed. R.App. P. 38; *Wilcox v. C.I.R.*, 848 F.2d 1007, 1009 (9th Cir.1988).

■ 5. Cusano's entire appeal is frivolous, *see* Fed. R.App. P. 38; "the result is obvious [and] the arguments of error are wholly without merit." *Wilcox*, 848 F.2d at 1009. Further, Cusano has repeatedly misrepresented the facts of the case to this court. *See Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir.1984). For example, Cusano states that his claims regarding the "Creatures Compositions" were dismissed without prejudice, when in fact they were dismissed with prejudice. *Compare* Appellant's Supp. Br. at 16 *with* Appellees' SER Ex. 117, p. 3029. Cusano also states that his claims regarding the "Revenge Compositions" were dismissed "solely as a discovery sanction," when in fact *Cusano I* affirmed their dismissal on the merits. *Compare* Appellant's Supp. Br. at 8 *with Cusano I*, 264 F.3d at 950–51, 951 n. 6. Similar falsities are littered throughout Cusano's filings.

Appellees' motion for sanctions against Cusano is therefore granted. The case is referred to the Appellate Commissioner who is authorized to enter judgment against Cusano, compensating appellees for reasonable costs and fees they have incurred in defending this appeal.

**AFFIRMED; MOTION FOR SANCTIONS GRANTED.**