GINA REBACK, Respondent, v DAVID REBACK, Appellant. [839 NYS2d 516]—

In an action for a divorce and ancillary relief, the defendant husband appeals from (1) an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 24, 2006, which denied his motion, inter alia, to disqualify the court-appointed financial evaluator, and (2) an order and judgment (one paper) of the same court entered April 21, 2006, which granted the plaintiff wife's motion to impose sanctions and costs upon him and his attorney and, inter alia, directed him to pay the sum of $2,000 to the plaintiff's counsel.

Ordered that the order entered January 24, 2006 is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination on the defendant's motion, inter alia, to disqualify the court-appointed financial evaluator, before a different justice; and it is further,

Ordered that the order and judgment entered April 21, 2006

is reversed, on the law, and the plaintiff's motion to impose sanctions and costs upon the defendant and his attorney is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In this contested divorce action, the Supreme Court, by order dated July 16, 2004, appointed a neutral financial evaluator to consider the value of the parties' assets, most specifically the plaintiff's real estate license and the defendant's businesses. Pursuant to that order, prior to the completion of the evaluator's report, ex parte communications were prohibited except that a party could advise the evaluator in writing about assets he or she thought the other spouse owned. The evaluator was directed to communicate with the parties in writing with copies to counsel for both sides or by conference call. The evaluator was authorized to prepare a draft report and serve it on counsel for both sides.

In a letter dated October 27, 2005 to the attorneys for both parties, the evaluator noted that preparation of the report with respect to the defendant husband's mortgage activities and his business Nuvillas Realty was completed and the material "may result in judicial referrals to governmental, regulatory, and/or professional bodies for their consideration." The evaluator offered to send the parties a copy of a "draft for settlement purposes only" and to work with the parties toward a settlement. He stated that if he did not hear from the parties by November 1, 2005, he would contact the court to ask for advice on how to proceed "while [our] fees are outstanding."

The defendant moved, inter alia, to disqualify the evaluator, claiming the letter was extortion to insure that the evaluator's fee was paid. The defendant also accused the evaluator of engaging in ex parte telephone conversations with the plaintiff, noting that telephone conversations from the plaintiff and her counsel were listed on the evaluator's bill.

Counsel for the plaintiff claimed that it was common practice for financial evaluators to engage in settlement negotiations. She further stated that the ex parte telephone conversations between herself and the evaluator, and her client and the evaluator, related to the payment of the evaluator's fees and scheduling the evaluator's testimony at the trial.

The evaluator submitted an affidavit stating that the ex parte telephone communications were ministerial, concerning scheduling and fee invoices. No affidavit was submitted by the plaintiff herself.

In the order appealed from entered January 24, 2006, the

Supreme Court denied the motion, inter alia, to disqualify the evaluator, noting that the appointment order authorized submission of a draft report to the parties before the submission of a final report to the court. With respect to the ex parte communications, the court found that the defendant husband "has offered no proof that the conversations involved any subjects other than the ministerial matters" identified by the plaintiff's counsel and the evaluator. The court invited the plaintiff to move for sanctions and costs against the defendant for making a frivolous motion.

The plaintiff moved to impose sanctions and costs upon the defendant husband and his attorney. By order and judgment entered April 21, 2006, her motion was granted. The defendant appeals from the order entered January 24, 2006, and from the order and judgment entered April 21, 2006.

The letter dated October 27, 2005 did not violate the terms of the order appointing the evaluator, which specifically permitted submission of a draft report to the parties before submission of a final report to the court. The order appointing the evaluator also authorized withholding "delivery of the final report until such time as any outstanding" fees were paid. Therefore, the letter dated October 27, 2005 was not a basis to disqualify the evaluator.

However, the ex parte conversations between the evaluator and the plaintiff and her counsel were not authorized by the order appointing the evaluator and therefore were improper. The question of whether the impropriety was sufficient to disqualify the evaluator depends on the nature of the conversations. If, as the plaintiff contends, the conversations related solely to ministerial matters, the impropriety would not be sufficient to justify disqualification of the evaluator.

However, the nature of those conversations is exclusively within the knowledge of the evaluator, the plaintiff, and her counsel. Thus, it was inappropriate to place the burden of proof as to the nature of those conversations on the defendant (see Matter of Johnson v City of New York, 302 AD2d 463 [2003]). There should have been a hearing to determine whether the nature of those conversations would justify disqualification of the evaluator (see CPLR 3212 [f]; Baldasano v Bank of N.Y., 199 AD2d 184 [1993]).

Since the defendant's motion, inter alia, to disqualify the evaluator was not frivolous, the plaintiff should not have been invited to move for the imposition of sanctions and costs, and sanctions and costs should not have been awarded. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.