**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT CUSANO, individually, f/k/a VINNIE VINCENT, d/b/a STREETBEAT MUSIC and VINNIE VINCENT MUSIC, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GENE KLEIN, an individual; PAUL STANLEY; THE KISS COMPANY, a New York corporation; KISSTORY LTD., <br><br> Defendants - Appellees, <br><br> and <br><br> STANLEY EISEN, an individual; GENE SIMMONS WORLDWIDE INC., a Delaware corporation; SIMSTAN MUSIC LTD., a Delaware corporation; POLYGRAM RECORDS, INC., a Delaware corporation; HORIPRO ENTERTAINMENT GROUP, a California corporation, <br><br> Defendants. | No. 06-56871 <br><br> D.C. No. CV-97-04914-AHM <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| VINCENT CUSANO,<br><br>   Plaintiff - Appellant,<br><br>  v.<br><br>GENE KLEIN, an individual; PAUL STANLEY; THE KISS COMPANY, a New York corporation; KISSTORY LTD.; STANLEY EISEN, an individual; GENE SIMMONS WORLDWIDE INC., a Delaware corporation; SIMSTAN MUSIC LTD., a Delaware corporation; POLYGRAM RECORDS, INC., a Delaware corporation; HORIPRO ENTERTAINMENT GROUP, a California corporation,<br><br>   Defendants - Appellees. | No. 07-55228<br><br>D.C. No. CV-97-04914-AHM |
| VINCENT CUSANO, individually, f/k/a VINNIE VINCENT, d/b/a STREETBEAT MUSIC and VINNIE VINCENT MUSIC,<br><br>   Plaintiff - Appellant,<br><br>  v.<br><br>GENE KLEIN, an individual; PAUL STANLEY; THE KISS COMPANY, a New York corporation; KISSTORY LTD.; STANLEY EISEN, an individual; GENE SIMMONS WORLDWIDE INC., a Delaware corporation; SIMSTAN MUSIC LTD., a Delaware corporation; POLYGRAM RECORDS, INC., a | No. 08-55482<br><br>D.C. No. 2:97-cv-04914-AHM-E |

Delaware corporation,

        Defendants - Appellees,

  and

HORIPRO ENTERTAINMENT GROUP,
a California corporation,

        Defendant.

---

VINCENT CUSANO, FKA Vinnie
Vincent, DBA Streetbeat Music, DBA
Vinnie Vincent Music,

        Plaintiff-counter-defendant -
        Appellant,

    v.

STANLEY EISEN, an individual; THE
KISS COMPANY, a New York
corporation; GENE SIMMONS
WORLDWIDE INC., a Delaware
corporation; SIMSTAN MUSIC LTD., a
Delaware corporation; KISSTORY LTD.;
HORIPRO ENTERTAINMENT GROUP,
a California corporation,

        Defendants - Appellees,

GENE KLEIN, an individual; PAUL
STANLEY,

        Defendants-counter-claimants
        - Appellees,

No. 08-57055

D.C. No. 2:97-cv-04914-AHM-E

3

and

KISS CATALOG LTD.,

        Counter-claimant,

and

METALUMA RECORDS LLC,

        Third-party-defendant.

---

VINCENT CUSANO, FKA Vinnie Vincent, DBA Streetbeat Music, DBA Vinnie Vincent Music,

        Plaintiff - Appellant,

    v.

GENE KLEIN, an individual; PAUL STANLEY; STANLEY EISEN, an individual; THE KISS COMPANY, a New York corporation; GENE SIMMONS WORLDWIDE INC., a Delaware corporation; SIMSTAN MUSIC LTD., a Delaware corporation, POLYGRAM RECORDS, INC., a Delaware corporation; HORIPRO ENTERTAINMENT GROUP, a California corporation,

        Defendants - Appellees,

and

No. 09-55313

D.C. No. 2:97-cv-04914-AHM-E

4

KISS CATALOG LTD., Successor-in-interest to the Kiss Company, a Corporation,

   Counter-claimant,

 and

KISSTORY LTD.,

   Defendant,

 and

METALUMA RECORDS LLC,

   Third-party-defendant.

VINCENT CUSANO, FKA Vinnie Vincent, DBA Streetbeat Music, DBA Vinnie Vincent Music,

   Plaintiff-counter-defendant - Appellant,

  v.

STANLEY EISEN, an individual; THE KISS COMPANY, a New York corporation; GENE SIMMONS WORLDWIDE INC., a Delaware corporation; SIMSTAN MUSIC LTD., a Delaware corporation; KISSTORY LTD.; POLYGRAM RECORDS, INC., a Delaware corporation; HORIPRO ENTERTAINMENT GROUP, a California

No. 10-56189

D.C. No. 2:97-cv-04914-AHM-E

5

corporation,

Defendants - Appellees,

GENE KLEIN, an individual; PAUL STANLEY,

Defendants-counter-claimants - Appellees,

KISS CATALOG LTD., Successor-in-interest to the Kiss Company, a Corporation,

Counter-claimant,

METALUMA RECORDS LLC,

Third-party-defendant.

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: D.W. NELSON, FISHER and CHRISTEN, Circuit Judges.

These consolidated appeals relate to a long-running royalty battle between Plaintiff-Appellant Vincent Cusano and Defendants-Appellees Gene Klein, KISS Co. and others (collectively, "Klein"). In September 2003, the district court granted summary judgment to Klein. This court affirmed in November 2005. *See*

6

*Cusano v. Klein*, 153 F. App'x 998 (9th Cir. 2005) (unpublished). The district court and the Ninth Circuit awarded Klein substantial attorney's fees. These appeals arise out of Klein's efforts to enforce the judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appeal No. 06-56871

1. Cusano argues that his song royalties are protected from levy by federal and state law, which shelter from garnishment 75 percent of an individual's weekly "earnings." *See* 15 U.S.C. § 1673(a); Cal. Code Civ. P. § 706.050. The relevant statutes define "earnings" as compensation for personal services. *See* 15 U.S.C. § 1672(a); Cal. Code Civ. P. § 706.011(a). Cusano has not shown that his royalties are compensation for personal services, so the district court did not abuse its discretion by permitting Klein to levy on 100 percent of those royalties. *See Natural Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1168 (9th Cir. 2001) (reviewing for abuse of discretion a district court's order modifying a stay).

2. Cusano's alternate argument – that his royalties are immune from levy because Klein failed to timely oppose Cusano's claim of exemption under California Code of Civil Procedure §§ 703.510, 703.520 – was not raised before the district court and is therefore waived. *See Smith v. Marsh*, 194 F.3d 1045,

7

1052 (9th Cir.1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

3. The district court did not abuse its discretion in denying Cusano's motion to continue the hearing date on Klein's motion to lift the December 2004 partial stay of execution. *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) ("The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion."). Cusano has not shown that the district court's denial of his motion to continue prejudiced him. *See id.* at 1359 ("[I]n order to obtain a reversal, [an] appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request [for a continuance]."). As discussed above, Cusano's wage garnishment arguments fail on the merits.

Appeal No. 07-55228

4. The district court did not abuse its discretion in denying Cusano's motion for reconsideration of the November 2006 order permitting Klein to levy on 100 percent of Cusano's royalties. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (reviewing for abuse of discretion denial of a Rule 60(b) motion). Cusano's arguments under the wage garnishment laws fail for the reasons discussed above.

8

5. The district court's treatment of Cusano's motion to reconsider did not violate his due process rights. Rule 52 does not require the district court to make findings of fact when ruling on a motion for reconsideration. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any other motion*." (emphasis added)).

6. To the extent Cusano's December 2006 motion may be construed as a motion to vacate the underlying September 2003 judgment, it was untimely. A motion under Rule 60(b)(2) or (3) must be made "within a reasonable time . . . and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).[1] It also fails on the merits. Cusano did not "prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and [that] the conduct complained of prevented [him] from fully and fairly presenting [his case,]" as required by Rule 60(b)(3). *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (internal

---

[1]Because Cusano relied on newly discovered evidence and allegations of fraud to support his motion, Rule 60(b)(6) is inapplicable. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under 60(b)(6) must be based on grounds other than those listed in the preceding clauses," which include newly discovered evidence and fraud).

9

quotation marks and citation omitted). Nor did he show that he could not have discovered the alleged new evidence through timely third party discovery during the proceedings. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (per curiam).

Appeal No. 08-55482

7. The district court's February 2008 order amending the September 2003 judgment to incorporate the attorney's fees awarded by the Ninth Circuit was a ministerial act and therefore did not violate the automatic bankruptcy stay. *See In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000) ("Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of [a judicial] proceeding.").[2] Although the district court reached a contrary conclusion when considering a similar motion to amend in January 2008, it was not prohibited from revisiting this determination. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."). To the extent Cusano contends the district court may not have realized that the automatic bankruptcy stay was in

---

[2] "Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

10

effect when the court granted Klein's renewed motion to amend in February 2008, any error is harmless because amending the judgment did not violate the stay.

Appeal No. 08-57055

8. The district court did not abuse its discretion in denying Cusano's motion to disqualify Klein's attorney. *See Gas-A-Tron of Ariz. v. Union Oil Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir. 1976) (reviewing for abuse of discretion a district court's disqualification decision). The court found that there was no substantial relationship between the legal issues involved in the previous representations and the legal issues involved in the current representation. *See City and Cnty. of San Francisco v. Cobra Solutions, Inc.*, 135 P.3d 20, 25 (Cal. 2006). This finding is supported by the record.

Appeal No. 09-55313

9. The district court did not abuse its discretion in denying Cusano's motion to quash the October 2008 writ of execution. *See United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir. 1996) (reviewing for abuse of discretion a district court's denial of a motion to quash). Cusano has adduced no evidence to support his contention that Klein artificially inflated the amount due.

10. In addition, judicial estoppel does not apply here. There is no evidence that Klein sought to manipulate the judicial process, *see United States v. Ibrahim*,

522 F.3d 1003, 1009 (9th Cir. 2008), and Cusano has not shown that any court relied on the position that Klein took in the bankruptcy proceeding in which he understated the amount Cusano owed on the September 2003 judgment, *see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). There is also no unfair detriment to Cusano from permitting Klein to collect the full amount owed on the judgment. *See id.* at 783.

Appeal No. 10-56189

11. The district court did not abuse its discretion in denying Cusano's May 2010 motion to vacate the September 2003 judgment. *See Latshaw*, 452 F.3d at 1100. The motion, made more than six years after entry of judgment in this case, is plainly untimely under Rule 60(b). *See* Fed. R. Civ. P. 60(c).

12. The motion is also substantively without merit. Klein's purported admissions do not amount to clear and convincing evidence that in 2003 Klein knew or believed that Cusano owned copyright interests in the *Lick It Up* compositions, and misled the district court into concluding otherwise. *See Casey*, 362 F.3d at 1260. Nor do his statements in 2009 undermine the force of the district court's 2003 decision, affirmed by this court in 2005, that concluded that Cusano retained no ownership interests in the *Lick It Up* compositions, only his

12

songwriter's share of royalties.  *See Cusano v. Klein*, 280 F. Supp. 2d 1035, 1043

(C.D. Cal. 2003).

**AFFIRMED.**