Davidoff v Davidoff (2022 NY Slip Op 05837)

Davidoff v Davidoff

2022 NY Slip Op 05837

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-01713
 (Index No. 61571/18)

[*1]Stefanie Davidoff, appellant,
v
Jonathan Davidoff, respondent.

Dimopoulos Bruggemann, P.C., Tuckahoe, NY (Gus Dimopoulos of counsel), for appellant.
Davidoff Law Firm, PLLC, New York, NY (Jonathan Marc Davidoff, sued herein as Jonathan Davidoff, pro se of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated March 5, 2021. The order denied the plaintiff's motion to unseal the ex parte portion of the transcript of the proceedings on July 25, 2019.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion to unseal the ex parte portion of the transcript of the proceedings on July 25, 2019, and substituting therefor a provision granting the motion to the extent of granting the plaintiff and her counsel access to the sealed portion of that transcript, and otherwise denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.
On July 25, 2019, the parties in this action for a divorce and ancillary relief appeared before the Supreme Court. During the proceedings, the court directed the plaintiff and her counsel, among others, to exit the courtroom so the court could speak to the pro se defendant alone on "something unrelated." The court further directed that the portion of the record reflecting the ex parte communication would be sealed. The plaintiff subsequently moved to unseal this portion of the transcript of the proceedings. The court denied the motion, and the plaintiff appeals.
The Supreme Court erred in placing the burden upon the plaintiff, as the party excluded from the court's ex parte communication with the defendant, to offer an evidentiary basis for her contention that the ex parte communication may have been prejudicial to her (see Reback v Reback, 41 AD3d 814, 816; Matter of Johnson v City of New York, 302 AD2d 463, 464). Under the unique circumstances of this case, we conclude that the plaintiff should be given access to the sealed portion of the July 25, 2019 transcript (see generally 22 NYCRR 100.3[B][6][d]; Reback v Reback, 41 AD3d at 814; Matter of Johnson v City of New York, 302 AD2d at 464).
Having reviewed the sealed transcript, this Court finds no basis to conclude that it contains confidential information that would justify restricting the plaintiff's access.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court